_____FILED _____ENTERED
_____LODGED _____RECEIVED

SEP 2 1 2017

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN JAKES (aka Sidney Griffin),     *

    Petitioner,     *

    v.     *

UNITED STATES OF AMERICA,     *

    Respondent.     *

Civ. Action No. RDB-16-1921
Crim. Action No. RDB-07-0553

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On May 13, 2008, Petitioner John Jakes ("Petitioner" or "Jakes") pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a),(d), and (f) (ECF No. 17.) During Petitioner's sentencing hearing, this Court found that Petitioner's bank robbery offense and prior federal convictions for armed bank robbery qualified as "crimes of violence" under United States Sentencing Guideline (U.S.S.G.) § 4B1.2.(a). As a result, Petitioner was deemed a career offender and was then sentenced to a term of one-hundred and eighty-eight (188) months imprisonment.

Seven years later, the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. The Office of the Federal Public Defender (OFPD) then filed a motion on behalf of Petitioner under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes

1

the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 33.)

In 2017, however, the Supreme Court held in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the OFPD informed Petitioner that in light of *Beckles* it would no longer be able to represent him. On September 18, 2017, the OFPD filed a Motion to Withdraw as Counsel (ECF No. 34), which this Court granted. (ECF No. 35.)

Pending before this Court is Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 33.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner Griffin's Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 33) is DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether Petitioner's bank robbery offense and prior federal convictions for armed bank robbery qualify as crimes of violence under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a).

As the OFPD stated in its Motion to Withdraw as Counsel, however, in light of *Beckles* this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's pending Motion to Vacate (ECF No. 33) is DENIED.

2

## CONCLUSION

For the reason stated above, Petitioner Jakes' Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 33) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Jakes' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: September 20, 2017

*/s/ Richard D. Bennett*

Richard D. Bennett

United States District Judge